Katherine A. Preston (State Bar No. 24088255)
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, Texas 77002
T: (713) 651-2600
F: (713) 651-2700
kpreston@winston.com

Timothy W. Walsh (*pro hac vice* pending)
James T. Bentley (*pro hac vice* pending)
Emma Fleming (*pro hac vice* pending)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
twalsh@winston.com
jbentley@winston.com
efleming@winston.com

*PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br>FORE MACHINE, LLC,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 81-5081850 | )<br>)<br>)<br>)<br>)<br>)<br>) Chapter 11<br>)<br>) Case No. 22-40487 |
| In re:<br><br>FORE AERO HOLDINGS, LLC.,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 81-5122671 | )<br>)<br>)<br>)<br>)<br>)<br>) Chapter 11<br>)<br>) Case No. 22-40489 |
| In re:<br><br>FORE CAPITAL HOLDING, LLC.,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 32-0422920 | )<br>)<br>)<br>)<br>)<br>)<br>) Chapter 11<br>)<br>) Case No. 22-40490 |
| In re:<br><br>AERO COMPONENTS, LLC.,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 81-5108616 | )<br>)<br>)<br>)<br>)<br>)<br>) Chapter 11<br>)<br>) Case No. 22-40485 |

**EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND
(II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Fore Machine, LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| | ) Case No. 22-40487 |
| **FORE MACHINE, LLC, *et al.*,** [1] | ) |
| | ) (Jointly Administered) |
| | ) |
| **Debtors** | ) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fore Machine, LLC (1850), Fore Aero Holdings, LLC (2671), Fore Capital Holding, LLC (2920), and Aero Components, LLC (8616). The service address for Fore Aero Holdings, LLC, Fore Machine, LLC, and Fore Capital Holding, LLC is: 5933 Eden Drive, Haltom City, TX 76117. The service address for Aero Components, LLC is 5124 Kaltenbrun Rd, Fort Worth, Texas 76119.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

**Jurisdiction and Venue**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 342(c)(1) of the Bankruptcy Code. Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Bankruptcy Rules") and the *Request for Emergency Consideration of Certain First Day Motions*, filed on the Petition Date, pursuant to the Procedures for Complex Chapter 11 Cases, appended as Exhibit H to the Local Bankruptcy Rules.

**Background**

9. On the date hereof (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Jens Verloop, Debtors' Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[1] filed contemporaneously with this Motion and incorporated by reference herein.

10. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee")

---

[1] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration

has not appointed an official committee in the chapter 11 cases, nor has any trustee or examiner been appointed herein.

### Basis for Relief

11. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliate. Fed. R. Bankr. P. 1015.

12. Fore Machine and Aero Components are wholly-owned subsidiaries of Holdings. Fore Capital is in turn a wholly owned subsidiary of Fore Machine. Accordingly, all Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

13. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

14. Joint administration will also save time and money and will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each Debtor's chapter 11 case will be apprised of all filings and matters before the Court relating to the Chapter 11 Cases. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases because the relief sought is purely

procedural and in no way is intended to affect any substantive rights. Each creditor and other party in interest will retain whatever claims or rights they may have against any of the Debtors or such Debtor or Debtors' estates.

16. The Debtors' estates will benefit from the reduction in costs that will result from joint administration.

17. Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.

18. The Debtors submit that use of this simplified caption without full tax identification numbers will ensure uniformity of pleading identification. With limited exception noted below, all pleadings filed and each notice mailed by the Debtors will include a footnote listing both of the Debtors, their respective case numbers, and the last four digits of their tax identification numbers. All such pleadings will also include a note specifying that the Chapter 11 Cases are "Jointly Administered." Moreover, the full tax identification numbers are listed in this Motion, the petitions for each Debtor and the notice of commencement (*i.e.*, Official Form 309F1), to be sent to the Debtors' creditors; those documents will also be made publicly available to all parties in interest and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) has been satisfied.

19. It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in the Chapter 11 Cases will affect all

of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process without the procedural problems that would otherwise arise through the separate administration of these related cases.

## Applicable Authority

20. No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect any substantive right of any creditor or other party in interest. An order of joint administration is related to the routine administration of a case and may be entered by the Court in its discretion, and the relief requested is commonly granted by bankruptcy courts in this District. *See, e.g.*, *In re Think Finance, LLC, et al.*, Case No. 17-33964 (Bankr. N.D. Tex. Oct. 23, 2017) [Dkt. No. 7]; *In re Preferred Care, Inc., et al.*, Case No. 17-44642 (Bankr. N.D. Tex. Nov. 13, 2017) [Dkt. Nos. 89, 104]; *In re Williams Financial Group, Inc., et al.*, Case No. 17-33578 (Bankr. N.D. Tex. Sept. 24, 2017) [Dkt No. 39].

## Emergency Relief

21. The Debtors request emergency consideration of this Motion pursuant to their *Request for Emergency Consideration of Certain First Day Motions* filed pursuant to the Procedures for Complex Chapter 11 Cases, appended as Exhibit H to the Local Bankruptcy Rules (the "Complex Case Procedures"). The Complex Case Procedures provide that this Court may hear "First Day" matters consistent with the Bankruptcy Code and Bankruptcy Rules, including Rule 4001, as required by the circumstances, but not more than 2 days after the request for emergency First Day hearings.

## Notice

22. Notice of the hearing on the relief requested in the Motion has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the

Bankruptcy Local Rules, and is sufficient under the circumstances. The Debtors served parties in interest, whether by electronic mail, overnight courier, or hand delivery, including: (a) the United States Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent for the Debtors' senior subordinated note purchase agreement and counsel thereto; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Cash Management Banks; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as <u>Exhibit A</u> (a) granting the relief requested herein and (b) granting such other and further relief as is just and appropriate.

Dated: March 7, 2022
Houston, Texas

Respectfully submitted,

**WINSTON AND STRAWN LLP/S/**

<u>/s/ **Katherine A. Preston**</u>

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
James T. Bentley (*pro hac vice* pending)
Emma Fleming (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: twalsh@winston.com
Email: jbentley@winston.com
Email: efleming@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Service**

      I certify that on March 7, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                     */s/ Katherine A. Preston*
                                                     Katherine A. Preston

## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>FORE MACHINE, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 81-5081850 | Chapter 11<br><br>Case No. 22-40487 |
| In re:<br><br>FORE AERO HOLDINGS, LLC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 81-5122671 | Chapter 11<br><br>Case No. 22-40489 |
| In re:<br><br>FORE CAPITAL HOLDING, LLC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 32-0422920 | Chapter 11<br><br>Case No. 22-40490 |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AERO COMPONENTS, LLC., | ) |
| | ) Case No. 22-40485 |
| Debtor. | ) |
| | ) |
| | ) |
| Tax I.D. No. 81-5108616 | ) |
| | ) |

**ORDER REGARDING FILING OF PLEADINGS AND DIRECTING JOINT ADMINISTRATION OF CASES**

The Court, having considered the matter of administering the above captioned cases, finds (1) this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1334 and 157; (2) all parties-in-interest were provided adequate notice and opportunity for hearing; (3) joint administration of these cases is appropriate pursuant to Rule 1015(b) and (c) of the Federal Rules of Bankruptcy Procedure; (4) an order of joint administration would serve judicial economy; and (5) it is in the best interests and without prejudice to the rights of the Debtors' estates, creditors, and other parties-in-interest. It is therefore

**ORDERED**, that the above captioned cases be and hereby are jointly administered by this Court for procedural purposes only, and nothing contained in this Order shall be deemed or construed as directing a substantive consolidation of the above-captioned cases; it is further

**ORDERED** that all orders, pleadings, papers and documents, except proofs of claim, lists, schedules, statements and monthly operating reports, shall be filed and docketed in case number _____ (the "Lead Case"); and it is further

**ORDERED** that all proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate; and it is further

**ORDERED** that all lists, schedules, statements, and monthly operating reports shall be filed and docketed in the specific member case for which they are applicable; it is further

**ORDERED** that all pleadings, papers, and documents filed in the Lead Case shall bear the caption as show in Exhibit A (attached); it is further

**ORDERED** that if pleadings, papers, or documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) re-file the pleading, paper, or document in the Lead Case within 3 business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties; it is further

**ORDERED** that Debtors shall serve a copy of this Order on the United States Trustee, all creditors, persons filing Notices of Appearance, and other parties-in-interest, and shall file a certificate of service with the Clerk of Court after completing service; it is further

**ORDERED** that Debtors shall file with the Clerk, in the Lead Case, a master service list of all creditors, persons filing Notices of Appearance, and all known parties-in-interest in the jointly administered cases, in the form prescribed by Local Bankruptcy Rule 1007-1; it is further

**ORDERED** that in the event that any of these cases have been assigned to separate judges, all such cases shall be transferred to the judge with the lowest numbered case; and it is further

**ORDERED** that the Clerk shall file a copy of this order in the Lead Case and each of the member cases.

###End of Order###

**Submitted by:**

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
James T. Bentley (*pro hac vice* pending)
Emma Fleming (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: twalsh@winston.com
Email: jbentley@winston.com
Email: efleming@winston.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** ) | Chapter 11 |
| ) | |
| ) | Case No. 40487 |
| **FORE MACHINE, LLC,** *et al.*,[1] ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| **Debtors** ) | |
| ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fore Machine, LLC (1850), Fore Aero Holdings, LLC (2671), Fore Capital Holding, LLC (2920), and Aero Components, LLC (8616). The service address for Fore Aero Holdings, LLC, Fore Machine, LLC, and Fore Capital Holding, LLC is: 5933 Eden Drive, Haltom City, TX 76117. The service address for Aero Components, LLC is 5124 Kaltenbrun Rd, Fort Worth, Texas 76119.